UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **J.L. SUMMERS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-2152** |
| **JUDGE MARY K. NORMAN** | **SECTION: "I"(1)** |

## REPORT AND RECOMMENDATION

Plaintiff, J.L. Summers, filed this *pro se* complaint pursuant to 42 U.S.C. § 1983 against Judge Mary K. Norman. In his federal complaint, he states his claim as follows: "The judge dismissed souly on ladies word of mouth. Tell me to shut up and not giving me a chance to submitted the correct documents. Giving the Lady chance to make phone call and oth excues for her benfit." Based on the attachments to his federal complaint, it is apparent that plaintiff is unhappy with the manner in which Judge Norman presided over the case of <u>Summers v. A&B Towing</u>, No. 2011-30081, in the First City Court of New Orleans, Louisiana.

With respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or

>     (iii) seeks monetary damages against a defendant who is immune
>     from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint,[1] the Court nevertheless finds that, for the following reasons, the complaint should be dismissed as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary relief from a defendant who is immune from such relief.

To the extent that Judge Norman is being sued for monetary damages, she is protected by absolute judicial immunity. It has long been held that "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 351 (1871); see also Brandley v. Keeshan, 64 F.3d 196, 200 (5th Cir. 1995) (absolute immunity applies even where judge's "exercise of authority is flawed by grave procedural errors" or where the judge "took action maliciously or was in excess of his authority"); Harper v. Merckle, 638 F.2d 848, 856 n.9 (5th Cir. 1981) ("[W]e can envision no situation – where a judge acts after he is approached *qua* judge by parties to a case – that could possibly spawn a successful § 1983 suit."). The United States Supreme Court has explained: "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages. Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." Mireles v. Waco, 502 U.S. 9, 11 (1991). Further, judicial immunity is clearly applicable in federal

---

[1] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

civil rights cases.  Stump v. Steward, 435 U.S. 349, 356 (1978); Pierson v. Ray, 386 U.S. 547, 554-55 (1967).

The Supreme Court has recognized only two instances in which judicial immunity is inapplicable:

> [O]ur cases make clear that the immunity is overcome in only two sets of circumstances.  First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity.  Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.

Mireles, 502 U.S. at 11-12 (citations omitted).  Neither of those exceptions applies in this case.

Regarding the first exception, the Supreme Court has explained:

> The relevant cases demonstrate that the factors determining whether an act by a judge is a "judicial" one relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity.

Stump, 435 U.S. at 362.  The act at issue here, presiding over a civil case in First City Court, obviously involves a function normally performed by a judge.  Further, plaintiff was clearly dealing with the Judge Norman in her judicial capacity.

Regarding the second exception, there is no question that Judge Norman had jurisdiction over the case before her.

Accordingly, for the foregoing reasons, a claim against Judge Norman for monetary damages is clearly barred by her absolute judicial immunity.  See, e.g., Ragnor v. City of New Orleans, Civ. Action No. 03-207, 2003 WL 22888798, at *3 (E.D. La. Dec. 23, 2003).

To the extent that plaintiff is seeking injunctive relief against Judge Norman, that relief is likewise unavailable.  The Federal Courts Improvement Act of 1996, which amended 42 U.S.C. §

1983, provides that "in any action brought against a judicial officer for an act or omission taken in such officer's official capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable." 42 U.S.C. § 1983; Doris v. Van Davis, Civ. Action No. 08-4138, 2009 WL 382653, at *3 (E.D. La. Feb. 12, 2009); Wilkerson v. Lanier, Civ. Action No. 06-3044, 2006 WL 2135224, at *3 (E.D. La. July 27, 2006); see also Guerin v. Higgins, 8 Fed. App'x 31, 32 (2nd Cir. 2001); Nollet v. Justices of the Trial Court of the Commonwealth of Massachusetts, 83 F.Supp.2d 204, 210 (D. Mass.), aff'd, 248 F.3d 1127 (1st Cir. 2000).

Simply put, a party prejudiced by misconduct of a presiding judge in a civil proceeding finds relief not by bringing a federal lawsuit pursuant to 42 U.S.C. § 1983, but rather by appealing through the state court system.

**RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's federal civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary relief from a defendant who is immune from such relief.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[2]

New Orleans, Louisiana, this sixth day of September, 2011.

                        **SALLY SHUSHAN**
                        **UNITED STATES MAGISTRATE JUDGE**

---

[2] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.